Mr. Mahlon Martin, Director Department of Finance and Administration P. O. Box 3278 Little Rock, AR 72203
Dear Mr. Martin:
You have requested an opinion regarding the following questions as a follow-up to our opinion No. 365. Those questions are:
 1. Does the Ethics in Public Contracting Law require that its prohibitions and regulations apply only to those commodities and services covered by the State Purchasing Law? That is, are the exempt commodities and services listed, statutorily placed outside the application of Act 483 of 1979, Ethics in Public Contracting Law?
 2. Is it necessary for advisory opinions to be issued or for applications for waiver to be considered for commodities and services exempted by the State Purchasing Law?
As you know, Act 483 of 1979 (hereinafter citations are made to the codified statutes) provides:
 "It shall be a breach of ethical standards for any employee to participate directly or indirectly in any proceeding or application; request for ruling or other determination; claim or controversy; or other particular matter pertaining to any contract or subcontract, and any solicitation or proposal therefore, in which to the employee's knowledge:
 (1) The employee or any member of the employee's immediate family has a financial interest . . .
Ark. Stat. Ann. 14-1104(A)(1) (Repl. 1979).
At issue in our previously given opinion, No. 86-365, were the provisions of Ark. Stat. Ann. 14-1108(A)(B) and (C). Of particular interest was Subsection (C) which stated it was a breach of ethical standards for a person who is a partner of an employee knowingly to act as a principal or as an agent for anyone other than the State in connection with any . . . contract.
As you note in your request, the term "contract" is defined in the Act:
 Contract means all types of state agreements, regardless of what they may be called, for the purchase or disposal of commodities and services . . .
Further defined in the Act are "commodities" and "services" as meaning those commodities and services "as defined in the State Purchasing Law". Ark. Stat. Ann. 14-1101(C)(F) and (O).
Arkansas' State Purchasing Law is found at Ark. Stat. Ann. 14-233 — 14-293. That Law defines "commodities" and "services" at 14-240(E) and (W). There, commodities means:
 [A]ll property, including but not limited to equipment, printing, stationary, supplies, and insurance . . . excluding exempt commodities and services . . .
Likewise, services means:
 [T]he furnishing of labor, time, or effort by a contractor . . . This term shall not include employment agreements, collective bargaining agreements [or] exempt commodities and services . . .
Since the Ethics in Public Contracting Law, by its own terms, applies to contracts or subcontracts for those commodities and services defined in the State Purchasing Law, the definition of commodities and services in that latter Law must be adopted for the Ethics Act. Therefore, those commodities exempted in the State Purchasing Law are not subject to the terms of the Ethics in Public Contracting Law.
It is my opinion then that the answer to your first question is "yes" and the answer to your second question "no".
The foregoing opinion, which I hereby approve, was prepared by Special Counsel to the Attorney General R.B. Friedlander.